**Opinion filed July 18, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00358-CR

_____

### SUNNY J. HIGNOJOS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,160**

## M E M O R A N D U M   O P I N I O N

The jury found Sunny J. Hignojos, Appellant, guilty of aggravated assault with a deadly weapon related to the shotgun shooting of Amy Cardona. The jury assessed punishment at twelve years' confinement and a fine of $5,000; the trial court sentenced Appellant accordingly and ordered that the sentence run consecutively to two other convictions in related cases.[1] In Appellant's sole issue

---

[1]In Cause No. A-37,159 in the 70th District Court of Ector County, Texas, Appellant was convicted of attempted capital murder and evading arrest or detention, and on appeal in our court, Cause No. 11-12-00158-CR, we affirmed the trial court's judgment on this date. In Cause No. A-37,164 in the 70th District Court of Ector County, Texas, Appellant was convicted of murder, and on appeal in our court, Cause No. 11-11-00356-CR, we also affirmed the trial court's judgment on this date.

on appeal, he alleges that the trial court erred when it allowed evidence of extraneous offenses under the same transaction contextual evidence exception to Rule 404(b) of the Texas Rules of Evidence. We affirm.

## I. *The Charged Offenses*

The grand jury indicted Appellant for the attempted murder of Cardona and also for aggravated assault with a deadly weapon in connection with the shooting, but the prosecution proceeded on the aggravated assault with a deadly weapon charge. The latter count alleged that Appellant, on or about January 10, 2010, did intentionally and knowingly cause serious bodily injury to Cardona when he shot her with his shotgun. A person commits aggravated assault with a deadly weapon if he or she intentionally, knowingly, or recklessly causes serious bodily injury to an individual while using a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01(a)(1), (2); 22.02(a) (West 2011).

## II. *The Evidence at Trial*

Several people had congregated at a trailer on West 26th Street in Odessa to drink and to party. The party carried on into the early morning hours when two people at the trailer got into an argument. One of them left, and the second individual, Eddie Palma, called his friends Rafael "C.J." Alvarez and Appellant to come get him. When Appellant and Alvarez arrived at the trailer, Appellant was armed with a shotgun, and Alvarez carried a pistol in his pocket. Snowflake, a pit bull, bit Appellant on the leg, and Appellant threatened to shoot Snowflake.

Appellant, Alvarez, and Becky Wakefield, one of the residents of the trailer, argued about Appellant's threats to shoot Snowflake. Jaime Morales Jr. came out of the trailer and told Appellant not to shoot Snowflake and to leave because they were making too much noise. Morales then began to argue and to fight with Alvarez. According to Samuel Ortiz, Alvarez tried to "pistol whip" Morales. When they fought and fell to the ground, Morales was on top of Alvarez, and

2

Appellant turned and shot Morales. Appellant then shot Wakefield, Snowflake, and three others with the shotgun: Cardona,[2] Ortiz, and Ramon Mancha. Cardona and Ortiz testified that Appellant shot them and Snowflake and shot Morales in the back.[3] Mancha said that he heard shots and saw that Morales had been shot. Appellant shot at the doorway, and Mancha was hit. When Mancha went back into the trailer, he noticed he was bleeding. Alvarez[4] testified that Palma was the shooter.[5] Appellant, Alvarez, and Palma then fled the scene in Appellant's Dodge Ram pickup.

Deputy David Escudero had responded to a criminal mischief complaint about a block away from the West 26th trailer location when he heard gunshots. Deputy Escudero saw a Dodge Ram pickup leaving the area, and he pursued it. He followed the pickup, activated his vehicle lights and siren, and began a high-risk stop on 16th Street because of what he had heard and seen. Deputy Escudero ordered Appellant to turn the pickup off and to get out, but he did not do either one. Instead, Appellant stuck his head out the window, backed up his pickup, took off, and accelerated at a high rate of speed. Deputy Escudero gave chase through a residential, school, and church area of Odessa with pursuit speeds of up to 100 miles per hour.

Deputy Escudero said that someone in the backseat of the pickup fired a shotgun and a pistol at him. The shooter fired the shots through the back window of the pickup. Deputy Escudero called for backup and also returned fire. Deputy Escudero testified that the pickup had an electric, sliding rear window that

[2]Dr. Rolando Diaz testified about Cardona's gunshot wounds and his treatment of her injuries.

[3]Morales died as a result of the gunshot wound to the back.

[4]Alvarez was convicted of the aggravated assault of Morales prior to testifying in this trial.

[5]The trailer's owner, Raymond Arthur Modisett, initially reported to Investigator Bass that Palma was the shooter, but a short time later, he said that it was Appellant.

could only be operated by the driver.  A short time later, the pickup hit a telephone guy wire, flipped over on its side, and crashed near 56th Street and Angus Street.

Appellant and Palma got out of the pickup and ran away.  Another passenger, Alvarez, was injured and remained pinned in the right front passenger seat.  Trooper Hunter Lewis responded to the crash site and assisted in searching for Appellant and Palma.  Trooper Lewis located Appellant in a field several blocks from the crashed pickup and arrested him.

Police retrieved the clothing that Appellant wore when he was arrested, as well as spent shotgun shells at the trailer location and others along the pursuit route.  Police also recovered Appellant's shotgun and spent, as well as unused, shotgun shells from his pickup.  Later, a pistol and a shell casing were recovered at the intersection of 24th and Neptune after Deputy Diallo Bass reviewed the pursuit video from deputy Escudero's patrol car.  The shells and casings recovered matched Appellant's shotgun and Alvarez's pistol.

### III. *Issue Presented*

Appellant asserts in a single issue that the trial court erred when it allowed evidence of an extraneous offense under the same transaction contextual evidence exception.

### IV. *Standard of Review*

We review the trial court's decision to admit extraneous offense evidence under an abuse of discretion standard, utilizing Rule 401 (relevance) and Rule 404(b) (admissibility for "other" purpose) tests.  TEX. R. EVID. 401, 404(b); *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991). We will utilize a two-part test focusing on (1) relevance and (2) whether the evidence is admissible "'same transaction' contextual evidence" or inadmissible "'background' contextual evidence." *Mayes v. Sate*, 816 S.W.2d 79, 84–87 (Tex. Crim. App. 1991).  A trial court abuses its discretion when it admits or excludes

4

evidence if its decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996).

## V. *Discussion and Analysis*

Appellant argues that the trial court's admission of several extraneous bad acts, including assaulting Mancha and Ortiz, evading arrest, and assaulting Deputy Escudero, was erroneous and led to his wrongful conviction. A party may not adduce evidence of "other crimes, wrongs, or acts" to prove character of a person to show he acted in conformity therewith. TEX. R. EVID. 404(b). But "other crimes, wrongs, or acts" may be admissible if "relevant" and advanced for "another purpose." TEX. R. EVID. 404(b); *Montgomery*, 810 S.W.2d at 387–88. Those purposes may include the following: proof of intent, motive, opportunity, preparation, plan, knowledge, or identity or the rebuttal of a defensive theory such as mistake or accident. TEX. R. EVID. 404(b); *Montgomery*, 810 S.W.2d at 387–88.

The review centers on whether the "background" evidence is relevant and, if so, whether it is admissible as "'same transaction' contextual evidence" or inadmissible because it is "'background' contextual evidence." *Mayes*, 816 S.W.2d at 84–87. This type of evidence was formerly referred to as "res gestae" of the offense. *Id.* at 86. "Same-transaction contextual evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case incomplete or difficult to understand." *Prible v. State*, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005) (citing *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)).

### 1. Relevancy—Same Transaction Contextual Evidence

Appellant claims that his actions in assaulting Mancha and Ortiz, evading arrest, and assaulting Deputy Escudero were "not relevant" to the charge of aggravated assault against Cardona. The State argues that it was necessary "context" as part of a single continuous offense that began with the assault of

Cardona and others at the trailer and continued though the pursuit and eventual arrest of Appellant. The State also argues that Appellant's acts show his "identity" as the shooter at the trailer and that the evidence rebuts Appellant's claim that he was not the shooter. The State further maintains that Appellant's evasion from Deputy Escudero demonstrated an inference of consciousness of guilt and explained his flight from the crime scene and eventual capture.

Relevancy refers to whether a fact is made more or less likely. TEX. R. EVID. 401. Events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of an offense in order that it may realistically evaluate the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Evidence that imparts to the factfinder information essential to understanding the context and circumstances of an event is admissible to illuminate the nature of the alleged crime, even though it may include legally separate offenses that are nonetheless blended or interwoven. *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993) (citing *Mayes*, 816 S.W.2d at 86).

Appellant's acts of shooting Mancha and Ortiz at the same place and time as Cardona coupled with his flight from that scene and evasion from and assault on Deputy Escudero are relevant to the issues of proving Appellant's identity, rebutting his "other" shooter defense theory, raising an inference of consciousness of guilt, and explaining his eventual arrest and capture. These events were relevant because they were "part and parcel" of one continuous transaction initiated by Appellant that began at the trailer with multiple assaults and murder and ended in an open field near where Appellant had overturned his pickup. Our inquiry now turns to whether such evidence is rendered inadmissible by Rule 404(b).

*2. Rule 404(b)—Same Transaction Contextual Evidence*

Appellant claims that the assaults on Mancha and Ortiz and his evasion from and assault on Deputy Escudero were unrelated prior bad acts, which were inadmissible because he was only charged with aggravated assault with a deadly weapon in connection with the shooting of Cardona. The trial court may allow evidence of another offense not part of the indictment to show the "background" or "context" of the indicted offense as part of a continuing criminal episode. *Mayes*, 816 S.W.2d at 84–87; *see Rogers*, 853 S.W.2d at 31.

The State introduced evidence of Appellant's assaults on Cardona and others, including Mancha and Ortiz, and his evasion from and assault on Deputy Escudero. The jury could have inferred that all of these acts occurred after he assaulted Cardona and were part of the same continuing criminal episode that began with an assault on Morales, Wakefield, and Cardona. Appellant argues that the evidence was unduly prejudicial. Evidence of crimes committed during a crime spree will always be prejudicial, but such evidence was admissible in this case because its probative value was not substantially outweighed by any undue prejudice.

The trial court's decision was not outside the zone of reasonable disagreement, and it did not err when it admitted the evidence. The jury, as the factfinder, had the responsibility to weigh the evidence and decide whether Appellant's theory that Palma was the shooter or the testimony of Cardona, Wakefield, Modisett, Mancha, and Ortiz was more credible. These witnesses place Appellant at the trailer with his shotgun. Spent shotgun shells found at the scene matched Appellant's shotgun that was found near his wrecked pickup. We overrule Appellant's sole issue on appeal.

7

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

July 18, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.